UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON SHELDON CREEK,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA,<br><br>　　　　　Respondent. | 5:16-CV-05086-RAL<br><br><br>ORDER DISMISSING PETITION |

　　　　Petitioner, Clayton Sheldon Creek, is an inmate at Mike Durfee State Prison in Springfield, South Dakota. He filed a pro se petition for writ of coram nobis, which this court construes as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner also filed two further motions that essentially repeat the argument in his petition. Doc. 3; Doc. 5.

　　　　This is not Creek's first habeas petition, and indeed, this marks the twenty-fourth case Creek has filed in this Court. *See Creek v. Dooley et al*, 4:15-cv-04144 at Doc. 6. Petitioner has not shown that he received permission from the Eighth Circuit Court of Appeals to file a second or subsequent writ of habeas corpus as is required by 28 U.S.C. § 2244(b)(3)(A). Section 2244(b) applies "to a 'second or successive' application challenging the same state-court judgment." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Creek has already challenged his incarceration multiple times. 4:14-cv-04141, Doc. 1. Creek is not entitled to challenge it anew unless he complies with § 2244(b), which he has not done. Therefore, his petition is denied.

　　　　Creek filed this petition as a writ of coram nobis. The All Writs Act gives federal courts the authority to "issue all writs necessary or appropriate in aid of their

respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Eighth Circuit Court of Appeals treats a writ of coram nobis as " 'substantially equivalent' to habeas corpus relief [.]" *United States v. Camacho–Bordes*, 94 F.3d 1168, 1172 (8th Cir. 1996) (quoting *United States v. Little*, 608 F.2d 296, 299 (8th Cir.1979)); *see also Katz v. United States*, 494 F. App'x 679 (8th Cir. 2012) (same). While "[b]oth writs are used to challenge a conviction or sentence, the main difference . . . [is] that coram nobis relief is available when the defendant is no longer in custody for the applicable conviction, while custody is a prerequisite for habeas relief." *Camacho–Bordes*, 94 F.3d at 1172 n.6.

A writ of coram nobis is an "extraordinary remedy" and should be granted "only under circumstances compelling such action to achieve justice" and to remedy errors "of the most fundamental character." *Id.* at 1173 (quoting *United States v. Morgan*, 346 U.S. 502, 511–12 (1954)). In order to obtain coram nobis relief, therefore, "a petitioner must show a compelling basis" and "must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis." *Camacho–Bordes*, 94 F.3d at 1173 (quoting *Kandiel v. United States*, 964 F.2d 794, 797 (8th Cir. 1992)).

Creek has failed to do so. Further, he is still incarcerated, and makes no attempt to explain why this writ applies to him given that he has been denied habeas relief. To the extent that Creek's filing constitutes a writ of coram nobis rather than a habeas petition under § 2254, it is denied.

Accordingly it is

ORDERED that Creek's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, is denied.

IT IS FURTHER ORDERED that Creek's motion in regards to nonmoving party prohibitions, Doc. 3, is denied as moot.

IT IS FURTHER ORDERED that Creek's motion to vacate, Doc. 5, is denied as moot.

Dated December 13th, 2016.

BY THE COURT:

_____
Roberto A. Lange
UNITED STATES DISTRICT JUDGE